Argued November 15, 1918, affirmed January 28, rehearing denied March 4, 1919.

## CARNAHAN MFG. CO. *v.* BEEBE-BOWLES CO.

(178 Pac. 233.)

**Contracts—Modification.**

1. In an action on a modified contract, evidence *held* sufficient to sustain a finding that the original contract had been modified as alleged.

**Appeal and Error—Presumption—Verdict—Counterclaim.**

2. Where the jury found for the plaintiff, in an action on a modified contract, in the full amount of its claim, it must be assumed that

it was satisfied from the evidence that the contract was modified, that the plaintiff performed its part of the modified contract, and that the jury found against the defendant as to all of its alleged counterclaims.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.

Plaintiff's third amended complaint alleges that on July 13, 1910, the plaintiff entered into a written contract with the defendant, in and by which it agreed to do "all mill work for the seven-story bank and office building to be erected in Walla Walla, Washington, for the Baker Loan and Investment Company," on the terms and conditions therein stated, at the agreed price of $7,625; that subsequent to the execution of said contract it was mutually agreed in writing by the plaintiff and the defendant that the same should be and it was modified; that the plaintiff submitted to defendant its own detail, showing method of constructing doors as solid-panel molded, with a rectangular or fillet mold, and stiles in four pieces instead of one piece; which would be in strict accord with the specifications, and requested that the defendant permit the plaintiff to manufacture said doors after said detail instead of the one furnished by the architects. The complaint further alleges that the defendant knew of the plaintiff's construction of the doors and the rectangular or fillet mold thereon in accordance with the said detail submitted by the plaintiff instead of the architects' original detail; that defendant did not object to the method of construction adopted, and eventually waived all objection to such construction; that between September 1 and December 1, 1910, the plaintiff furnished and delivered to the defendant at Walla Walla the said doors and interior woodwork and finish material, constructed in pur-

suance of said contract as modified; and that the plaintiff duly performed all the terms and conditions of said contract as modified, except as to the approval of plaintiff's work by the architects, which was not obtained for the reason that the architects were arbitrary and unreasonable and refused to approve the work.

The defendant filed its answer, admitting the execution of the original contract, but denied any modification thereof and all other material allegations of the complaint, pleaded four further and separate defenses and counterclaims and alleged a breach of the contract with the result that it was compelled to and did expend: first, the sum of $1,800 on account of reconstruction; second, $1,630 on account of overhauling and sandpapering; third, the sum of $2,750 on account of delay, and fourth, the sum of $87.64 for the purchase of certain oak lumber. The plaintiff replied, denying all of the material allegations of the answer. A trial was then had and the jury returned a verdict in favor of the plaintiff for the full amount prayed for in its complaint.

This case was here upon a former appeal from a judgment in favor of the plaintiff for the same amount which was reversed and remanded for a new trial, with leave to the plaintiff to amend its complaint, in an opinion written by Mr. Justice BURNETT, 80 Or. 124 (156 Pac. 584).

The instructions are set out in full in the abstract, from which it appears that the defendant stated in open court that it did not "claim anything because of the rejections of the architects" and based "its defense on the proposition that the work did not come up to the required standard." Judgment was entered on the verdict, from which the defendant appeals,

specifying ten different assignments of error; but the vital question is as to the construction which should be placed upon the complaint, and whether the proof is sufficient to show that the contract was modified as alleged.                                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. Hugh Montgomery* and *Messrs. Platt & Platt,* with an oral argument by *Mr. Montgomery.*

For respondent there was a brief and an oral argument by *Mr. Richard Sleight.*

JOHNS, J.—As the jury found a verdict for the full amount of plaintiff's claim, it must be assumed that the defendant was not entitled to recover anything upon either of its alleged counterclaims. As we construe the complaint, the plaintiff seeks to recover upon a modified contract. It appears from the record that on July 13, 1910, the plaintiff mailed to the defendant a long descriptive letter in which it made criticism of and objection to the original details, suggesting and advising that certain changes be made therein, giving reasons therefor. With this letter plaintiff mailed copies of "blue prints" which it had prepared. Among other things, it is stated in the letter:

"With regard to the blue-prints we are sending you, what we want is either the approval or the disapproval of the details and get started right, at once. * *

"Two things we want and we will start with a whoop. * * Second, a telegram or letter from Beebe Bowles & Co. stating they accept the contract as signed by us, with changes made therein."

In answer to this letter the defendant wired the plaintiff on July 19, 1910:

91 Or.—20

"Concessions and changes will be taken up as soon as your blue-prints arrive, and we will answer by wire."

On July 22d, the defendant wired the plaintiff as follows:

"Architects refuse to allow middle rail same thickness as stiles. Use your detail on rectangular molding. Make middle rail thickness to come flush with this molding. One and three-eighths inch stops are all right and we have insisted to architects that they allow changes in door jambs. Will advise."

Each of these telegrams referred to the plaintiff's letter and blue-prints mailed to the defendant on July 13th, which were afterwards confirmed by plaintiff's letter of August 3d and defendant's reply of August 6th.

It appears that the plaintiff mailed two sets of blue-prints, the first on July 13th and the second on August 3d, and that such blue-prints were identical. In its letter of August 3d plaintiff specifically informed the defendant that the blue-prints showed the work as it was then going through the factory. This must have referred to the blue-prints which the plaintiff mailed to the defendant on July 13th. After the receipt of that letter the defendant knew that the plaintiff was then engaged in carrying out the contract in accord with the changes therein which were submitted in its letter of July 13th. There is no testimony which tends to show that at any time the defendant notified the plaintiff that the suggested changes evidenced by the blue-prints of July 13th were not satisfactory or that the work would not be accepted.

1. There is ample testimony in the record from which the jury could find that pursuant to the letter of July 13th from the plaintiff to the defendant the

original contract was modified as alleged in the complaint and that such modification was in writing.

2. We have carefully read the instructions which were given by the court, and defendant's requested instructions which were refused. The real question was largely one of fact, as to whether the contract was modified, and, if so, whether the plaintiff kept and performed the terms and conditions of such changed contract by it to be kept and performed. Such issues were fully and fairly submitted to the jury by exhaustive instructions, in which the court properly charged the jury upon every material question presented by the defendant at the trial. As the jury found for the plaintiff in the full amount of its claim, we must assume that it was satisfied from the evidence that the contract was modified; that the plaintiff performed its part of the modified contract; and that the jury found against the defendant as to all of its alleged counter-claims.

There was no prejudicial error in the ruling of the trial court in rejecting testimony offered for the purpose of showing damages which the defendant claimed to have sustained by reason of delay on the part of the plaintiff. After a careful examination of the record we are convinced that the defendant had a fair trial and the judgment should be affirmed.

AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and BEAN and HARRIS, JJ., concur.